## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lani Polkowski | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | NO.:  3:17-cv-107 |
| Target Corporation, Bottling Group, LLC, Bottling Group, LLC d/b/a Pepsi Beverages Company and PepsiCo Bottling Group, LLC | : | |
| Defendants | : | |

### DEFENDANT, TARGET CORPORATION'S ANSWER PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Target Corporation, by and through its counsel, Marshall, Dennehey, Warner, Coleman and Goggin, hereby answer Plaintiff's Complaint as follows:

1. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegation contained within this paragraph of Plaintiff's Complaint. Accordingly, these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

2. Admitted.

3. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

3. (sic) Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

4. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

5. Admitted in part; denied in part. Answering Defendant admits that it owns and operates a Target store located at 1140 Commerce Boulevard, Dixon City, Lackawanna County, PA. All remaining allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required.

6. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent these allegations can be construed as being of a factual nature, then these allegations are denied for lack of knowledge, deemed at issue, with strict proof of same demanded at time of trial.

7. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

8. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

9. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent these allegations can be construed as being of a factual nature, then these allegations are denied for lack of knowledge, deemed at issue, with strict proof of same demanded at time of trial.

## COUNT I
## Plaintiff v. Target Corporation

10. This is a paragraph of incorporation to which no responsive pleading is required.

11. (a-h). Denied. The allegations contained within this paragraph and subparagraphs constitute conclusions of law to which no responsive pleading is required. To the extent these allegations can be construed as being of a factual nature, then these allegations are denied for lack of knowledge, deemed at issue, with strict proof of same demanded at time of trial.

12. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent these allegations can be construed as being of a factual nature, then these allegations are denied for lack of knowledge, deemed at issue, with strict proof of same demanded at time of trial.

13. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent these allegations can be construed as being of a factual nature, then these allegations are denied for lack of knowledge, deemed at issue, with strict proof of same demanded at time of trial.

14. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent these allegations can be construed as being of a factual nature, then these allegations are denied for lack of knowledge, deemed at issue, with strict proof of same demanded at time of trial.

15. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent these allegations can be construed as being of a factual nature, then these allegations are denied for lack of knowledge, deemed at issue, with strict proof of same demanded at time of trial.

16. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent these allegations can be construed as being of a factual nature, then these allegations are denied for lack of knowledge, deemed at issue, with strict proof of same demanded at time of trial.

WHEREFORE, Answering Defendant, Target Corporation, demands judgment in its favor against all parties, together with interest, cost and attorneys' fees.

## COUNT II
### Plaintiff v. Bottling Group, LLC

17. This is a paragraph of incorporation to which no responsive pleading is required.

18. (a-h). Denied. The allegations contained within this paragraph and subparagraphs are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

19. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

20. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

21. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

22. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

23. Denied. The allegations contained within this paragraph are directed to a party or parties other than Answering Defendant. Accordingly these allegations are denied and deemed at issue, with strict proof of same demanded at time of trial.

WHEREFORE, Answering Defendant, Target Corporation, demands judgment in its favor against all parties, together with interest, cost and attorneys' fees.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against answering defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was comparatively negligent.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of her injuries.

### FIFTH AFFIRMATIVE DEFENSE

If the accident occurred as alleged, a fact denied by answering defendant, the plaintiff's injuries or damages were caused and/or substantially contributed to by individuals or entities over which answering defendants had no control.

### SIXTH AFFIRMATIVE DEFENSE

Any defect on the property was trivial or *de minimus*.

**SEVENTH AFFIRMATIVE DEFENSE**

Any defect on the property in question was open and obvious.

**EIGHTH AFFIRMATIVE DEFENSE**

Answering defendant had no actual or constructive notice of any defect on the property in question.

**NINTH AFFIRMATIVE DEFENSE**

No act or omission of answering defendant was the factual cause of any injuries or damages to plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint may be barred by the applicable Statute of Limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate her damages.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, are not causally related to the alleged accident.

**THIRTHEENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and/or damages, if any, were the result of pre-existing medical and physical conditions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The occurrence complained of was neither intended, foreseeable nor preventable by the exercise of reasonable care.

**FIFTHEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or limited by the Pennsylvania Supreme Court holding in *Moorehead v. Crozer Chester Medical Center*.

## **SIXTHEENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and/or damages, if any, were caused by Plaintiff's own carelessness and negligence in:

- a. Failing to keep a careful and diligent watch where she was walking;
- b. Failing to walk carefully;
- c. Failing to pay attention to her surroundings and conditions that were open and obvious;
- d. Failing to observe the conditions around her;
- e. Being otherwise distracted;
- f. Failing to watch out for her own well-being; and,
- g. Wearing improper footwear.

WHEREFORE, Answering Defendant, Target Corporation, demands judgment in its favor against all parties together with interest, cost and attorneys' fees.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
DANIEL D. KREBBS, ESQUIRE

Date: _2/2/17_

## **CERTIFICATE OF SERVICE**

1.  I, Daniel D. Krebbs, Esquire, hereby certify that a true and correct copy of the foregoing Defendant, Target Corporation's Answer to Plaintiffs' Complaint with Affirmative Defenses was served on all parties listed below via the court's electronic filing system.

Bruce S. Zero, Esquire<br>
Powell Law<br>
527 Linden Street<br>
Scranton, PA  18503

DANIEL D. KREBBS, ESQUIRE

## **VERIFICATION**

Daniel D. Krebbs, Esquire, attorney for Defendant, Target Corporation, verifies that the facts set forth in the foregoing Defendant, Target Corporation's Answer To Plaintiff's Complaint with Affirmative Defenses, are true to the best of his knowledge, information and belief. If the above statements are not true, the deponent is subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

BY: _____
DANIEL D. KREBBS, ESQUIRE

Dated: _02/02/17_